J-S43015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HOUSTON ROBERT HALL | : | |
| | : | |
| Appellant | : | No. 2052 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 1, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001821-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:            **FILED OCTOBER 28, 2019**

Appellant, Houston Robert Hall, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas, following his open guilty plea to two counts of simple assault and harassment, and one count each of terroristic threats and criminal mischief.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.  Procedurally, we add the court ordered Appellant on December 21, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on January 2, 2019.

Appellant raises the following issue for our review:

---

[1] 18 Pa.C.S.A. §§ 2701(a)(3), 2709(a)(3), 2706(a)(1), and 3304(a)(2), respectively.

---

* Former Justice specially assigned to the Superior Court.

> DID THE TRIAL COURT ABUSE ITS DISCRETION BY IMPOSING CONSECUTIVE SENTENCES WHICH AGGREGATED TO A TERM OF STATE INCARCERATION TOTALING TWO (2) TO FIVE (5) YEARS?

(Appellant's Brief at 4).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this

- 2 -

context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Under Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

After a thorough review of the record, Appellant's brief, the applicable law, and the well-reasoned opinions of the Honorable Marc F. Lovecchio, we conclude Appellant's issue merits no relief. The trial court opinions comprehensively discuss and properly dispose of the question presented. (*See* Opinion and Order Denying Post-Sentence Motions, filed November 19,

2018, at 2-7) (finding: court initially believed deadly weapon used enhancement would apply; after taking testimony and discussing matter further with parties, however, court concluded that pursuant to plea agreement, court would use only deadly weapon possessed enhancement; court did not impose *de facto* deadly weapon used enhancement; court reviewed PSI report and all relevant factors and imposed standard range sentence; sentence imposed was palpably reasonable and within court's discretion). (**See also** Trial Court Opinion, filed April 3, 2019, at 5-6) (finding: court thoroughly addressed Appellant's claims in its opinion and order denying post-sentence motions; further, Appellant's claim that court imposed *de facto* deadly weapon used enhancement lacks any basis in record; court imposed sentence based upon consideration of all relevant factors and consistent with sentencing purposes; nothing in record supports Appellant's claim that court improperly relied upon negligent action of defense counsel which required appearance of victims at more than one proceeding; court did consider Appellant's criminal history which included his failure to take advantage of "breaks" court had given Appellant in past; sentence was not manifestly excessive; court considered PSI, Appellant's allocution, arguments of counsel, and other sentencing factors, and imposed individualized sentence consistent with protection of public, gravity of offense, and Appellant's rehabilitative needs). Accordingly, we affirm based on the trial court opinions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2019

## IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH | : |
| | : |
| vs. | : No.  CR-1821-2017 |
| | : |
| HOUSTON ROBERT HALL, | : Motion for Reconsideration |
| Defendant | : of Sentence |

### OPINION AND ORDER

On July 30, 2018, Defendant pled guilty to count 1, terroristic threats, a misdemeanor of the first degree, Counts 3 and 4, simple assault by physical menace, misdemeanors of the second degree, Counts 5 and 6, harassment, misdemeanors of the third degree and Count 7, criminal mischief, a misdemeanor of the third degree. Defendant was in a confrontation with Jazmyn and Breanna Walburn on October 22, 2017. The two victims were seated in a Honda sedan with Defendant's and Jazmyn's one-year old infant. While Defendant punctured the front tires of the Honda with a knife and displayed an aggressive physical demeanor, he screamed at the victims and threatened that a "9 mm" would come next.

On October 1, 2018, the court sentenced the defendant on Count 1, terroristic threats, to a term of state incarceration, the minimum of which was one (1) year and the maximum of which was two and a half (2 ½) years. With respect to Count 3 (incorrectly referenced as Count 2), simple assault by physical menace, the court sentenced the defendant to a consecutive period of state incarceration, the minimum of which was one (1) year and the maximum of which was two and a half ( 2 ½) years. The sentence of the court with respect to

1





Count 4 (incorrectly referenced as Count 3), simple assault by physical menace was a concurrent sentence of one (1) to two and a half (2 ½) years. Counts 5 and 6 merged with Counts 3 and 4 for sentencing purposes and with respect to Count 7, the defendant was ordered to pay a fine and restitution. The aggregate term of incarceration was a minimum of two (2) years and a maximum of five (5) years.

On October 10, 2018, Defendant filed a motion to reconsider his sentence. Argument was held before the court on November 5, 2018. This Opinion and Order shall address Defendant's motion for sentence reconsideration.

Defendant first argued that the court imposed a "de facto" deadly weapons used enhancement. Candidly, Defendant's argument is without any basis in fact or law whatsoever. Defendant cannot point to any factual or legal support.

The offense gravity score for terroristic threats and simple assault was a three, and Defendant's prior record score was a two. Therefore, the standard guideline range was RS-9, the deadly weapon possessed guideline range was 3-12, and the deadly weapon used guideline range was 6-15.

In the court's September 5, 2018 Order, it concluded after hearing argument that the deadly weapon enhancement for a weapon used would apply. However, by Order dated October 1, 2018, after taking testimony and discussing the matter further with the parties, the court concluded that pursuant to the plea agreement, it would use the deadly weapon possessed enhancement resulting in a standard range of three (3) to twelve (12) months on Counts 1, 3 and 4. It was specifically noted in the Order that "the court will be

2

utilizing a deadly weapon possessed enhancement and not a deadly weapon used enhancement."

The standard range for a deadly weapon possessed enhancement was three (3) to twelve (12) months for the terroristic threats and the simple assault convictions. The court sentenced the defendant to the upper end of the standard range. This clearly was not a de facto utilization of the deadly weapon used enhancement. Defendant also argues that the court abused its discretion by imposing consecutive sentences "based upon the nature of the interaction with the victims", improperly relying upon the negligent actions of the defense which required the appearance of the victims at more than one proceeding, considering improper factors, and imposing a manifestly excessive sentence.

Initially, because the court obtained and reviewed a Pre-Sentence Investigation report, it is presumed that the court was aware of all the appropriate sentencing factors and considerations. *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). It is presumed that the court properly considered and weighed all relevant factors and the court's discretion should not be disturbed. *Id.*

"A sentencing judge has broad discretion in determining a reasonable penalty... as it is the sentencing court that is in the best position to 'view the defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime.'" *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa. Super. 2018) ( quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)). "Sentencing is a matter vested in the sound discretion of the sentencing judge and a sentence

3

will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2015)(citation omitted). An abuse of discretion is established only if the court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.***

When imposing a sentence, the sentencing court must consider the protection of the public, the gravity of the offense as it relates to the impact on the victim and on the community, and the rehabilitative needs of the defendant. ***Commonwealth v. Conte***, 198 A.3d 1169 (Pa. Super. 2018) (citation omitted); 42 Pa. C.S. § 9721 (b). "A court is required to consider the particular circumstances of the offense and the character of the defendant." ***Edwards***, supra.(quoting ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002)). "In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.***

In this particular case, the court considered all of the relevant factors and did not abuse its discretion. The sentence was within the standard guidelines. The court imposed a concurrent sentence with respect to Count 4 and no incarceration with respect to Count 7. For sentencing purposes, the court merged the harassment counts with the simple assault counts. The defendant ended up with a two (2) to five (5) year sentence when a standard range sentence could have resulted in a four and a half (4 ½) to ten (10) year sentence. A claim that it was excessive has no merit whatsoever.

Moreover, it was not improper for the court to consider Defendant's history.

4

That history included certain "breaks" which the court had given to the defendant with the hope that defendant would have used the breaks as an opportunity to become a law abiding citizen instead of continuing his criminal behaviors.

The defendant had a probation violation in July of 2016 for, among other things, testing positive for THC, amphetamine and methamphetamine. He was sanctioned to thirty (30) days in jail and as a condition of continuing supervision was ordered to attend Lycoming County's Reentry Services program. He was doing very well in the program and asked that the program be removed as a condition of supervision due to him working long hours at his job and not having transportation to Williamsport. The court allowed the defendant to be released from the program.

In October of 2017, the defendant was set to max off of his probation but still owed 75 hours of court-ordered community service and was delinquent $200.00 on his costs and fines. He was given another "break" by the court which permitted him to be released from supervision and reset his fines as well as a reasonable payment schedule. The court waived Defendant's community service.

He was released from supervision on October 12, 2017. This incident, however, happened only ten days later on October 22, 2017.

Once these charges were filed, Defendant was incarcerated in lieu of bail. On May 30, 2018, however, the court determined that the defendant was eligible for nominal bail pursuant to Rule 600 (E). The court directed that the defendant not consume any alcohol or controlled substances and comply with the conditions of supervised bail.

5

Only a few months later, however, the defendant's bail was revoked. He was involuntarily removed from the American Rescue Workers, he did not obtain an assessment as directed, he smoked marijuana on at least two occasions and drank alcohol on one occasion. As the court noted in its July 18, 2018 order revoking bail, "the defendant was given the opportunity to be released but chose to continue using and chose not to address his substance abuse issues."

Finally, and as noted by the court during the sentencing, the sentence in the court's opinion, was necessary to protect the public, reflect the seriousness of the offenses to extent that they impacted the victims and to address Defendant's rehabilitative needs. The defendant had prior contacts that were somewhat similar in nature including possession with intent to deliver, possession of drug paraphernalia and defiant trespass. The escalating sanctions that were imposed in the past failed to either motivate or cause the defendant to change his behaviors. He had been on probation, had been jailed in a county facility and placed on supervised bail. The defendant continued with behaviors attributable to substance abuse and anger management problems which he previously failed to address. Finally, the evidence based risk needs assessment provided in the Pre-Sentence Investigation report noted that the defendant was at a high risk for recidivism.

While Defendant admitted in the Pre-Sentence Investigative report to "being in the wrong", the court considered him to be a significant danger. He could not control himself or address his issues. He threatened to kill the mother of his child and physically menaced said mother and the grandmother of his child in the presence of his child because

6

his child "was supposed to be at a birthday party and never showed until later in the evening." Defendant admitted that he "was intoxicated and acted out of anger."

Defendant's sentence was palpably reasonable and clearly within the court's discretion. While the court concedes that any state prison sentence may be unpleasant, it is meant to be. This sentence in the aggregate was far from being unduly harsh or unquestionably unreasonable. Cf., *Commonwealth v. Sarvey*, 199 A.3d 436 (Pa. Super. 2018). The choice for Defendant to go to state prison was made by him and not the court. The sentence was individualized, rational, and guided by sound judgment. It was proportional to Defendant's conduct.

## ORDER

AND NOW, this 19 day of November 2018, following a hearing and argument, Defendant's motion for reconsideration of sentence is **DENIED**.

By The Court,

Marc F. Lovecchio, Judge

cc:    Aaron Gallogly, Esquire, ADA
       Nicole Spring, Esquire, APD
       Gary Weber, Lycoming Reporter
       Work File

7

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH

vs.

HOUSTON HALL,
     Appellant

: No. CP-41-CR-1821-2017
:
: CRIMINAL DIVISION
:
:
:
:
: 1925(a) Opinion

## OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

This opinion is written in support of this court's judgment of sentence dated October 1, 2018 and docketed on October 5, 2018, which became final when the court denied post-sentence motions on November 19, 2018. The relevant facts follow.

Appellant Houston Hall (hereinafter "Hall") was charged with terroristic threats, endangering the welfare of children, two counts of simple assault, two counts of harassment, and criminal mischief. These charges arose out of an incident on October 22, 2017, in which Hall screamed obscenities and threats and slashed the tires of a vehicle in which his former girlfriend and her infant daughter were sitting. While visibly displaying the knife, Hall threatened to shoot his former girlfriend.

On July 30, 2018, Hall pled guilty to Count 1, terroristic threats, a misdemeanor of the first degree; Counts 3 and 4, simple assault by physical menace, misdemeanors of the second degree; Counts 5 and 6, harassment, misdemeanors of the third



1

degree; and Count 7, criminal mischief, a misdemeanor of the third degree.[1]

On October 1, 2018, the court sentenced Hall to one (1) year to two and one-half (2 ½ ) years on Count 1, terroristic threats and a consecutive one (1) year to two and one-half (2 ½) years on Count 3, simple assault by physical menace. The aggregate sentence was a period of state incarceration the minimum of which was two (2) years and the maximum of which was five (5) years. The sentences on the remaining counts either merged or were not terms of incarceration. The court also made Hall eligible for the State Motivational Boot Camp Program.

On October 10, 2018, Hall filed a motion to the reconsider sentence, which the court denied in an Opinion and Order entered on November 19, 2018.

On December 18, 2018, Hall filed a notice of appeal. In Hall's concise statement of errors complained of on appeal, Hall argues that the court abused its discretion in imposing a state sentence "as specified in his motion to reconsider sentence and argued at the time of argument on the motion." In Hall's motion for reconsideration of sentence, Hall argues that the court abused its discretion by: (1) imposing consecutive sentences based upon "the nature of the interaction with the victims;" (2) improperly imposing a *de facto* deadly weapon used enhancement; (3) sentencing him to a state prison sentence; (4) improperly relying on the negligent action of the defense with required the appearance of the victims at more than one proceeding; (5) considering that it had cut Hall breaks in the past in that he had been released early by the court from the Re-entry Services Program prior to actually completing it, by granting Hall unsecured bail despite Hall violating bail conditions and

---

[1] Upon agreement of the parties, the grading of Counts 5, 6, and 7 were lowered to summary offenses at the time of sentencing.

2

releasing Hall early from supervision; and (6) imposing a manifestly excessive sentence.

Sentencing is a matter vested in the sound discretion of a sentencing judge. *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa. Super. 2018); *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016)(citing *Commonwealth v. Hoch*, 936 A.2d 515, 517 (Pa. Super. 2007). Sentences must be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *Commonwealth v. Ali*, 197 A.3d 742, 765 (Pa. Super. 2018).

When imposing a sentence, the court is required to consider the particular circumstances of the offense and character of the defendant. *Edwards*, 194 A.3d at 637. The sentencing court "should refer to the defendant's criminal record, age, personal characteristics and potential for rehabilitation." *Id.* Moreover, where a court is informed by a presentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations. *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). As well, the sentencing court has discretion to impose a sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013). Defendants are not entitled to volume discounts for crimes and the imposition of consecutive rather than concurrent sentences should not be disturbed except in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. *Id.*; see also *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)(en banc);*Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).

3

A sentence will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Hoch*, 936 A.2d 515, 517 (Pa. Super. 2007). An abuse of discretion is not shown merely by an error in judgment; rather, the defendant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. *Id.* at 517-518; *Commonwealth v. Conte,* 198 A.3d 1169, 1176 (Pa. Super 2018)(quoting *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014)(citations omitted)).

Pursuant to 42 Pa. C.S.A. §9781(a), the court must consider the nature of the offense, the history and circumstances of the defendant, the advisory guidelines promulgated by the sentencing commission, the pre-sentence report if any, as well as the court's observations of the defendant.

The term "unreasonable" commonly connotes a decision that is "irrational" or "not guided by sound judgment." *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007). The sentencing judge has broad discretion in determining a reasonable sentence, as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Id.* at 961. As well, when a court has been informed by a pre-sentence report, its discretion should not be disturbed. *Ventura*, 975 A.2d at 1135. Finally, the court enjoys an institutional advantage, bringing to its decisions an expertise, experience and judgment that should not lightly be disturbed. *Walls*, 926 A.2d at 961.

At sentencing, the court shall make as part of the record and disclose in open

4

court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1041 (Pa. Super. 2013). The judge, however, does not need to give a lengthy discourse explaining its reasons. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). The record as a whole must reflect the court's consideration of the facts of the crime and character of the defendant. *Id.*

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for purposes of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions.

*Commonwealth v. Soto,* 202 A. 3d 80, 97 , (Pa. Super. 2018)(quoting *Commonwealth v. Reese*, 31 A.3d 708, 715-716 (Pa. Super. 2011)(en banc)(citations omitted)).

All of Hall's claims were thoroughly addressed by the court in its Opinion and Order filed on November 19, 2018, which addressed Hall's motion for reconsideration of sentence. By way of summary and addressing each of Hall's specified claims, there is nothing in the record to support Hall's contention that the consecutive sentence was based upon the "nature of the interaction with the victims."

Next, the standard guideline range for the deadly weapon possessed was 3-12 months. The sentence imposed on both Counts 1 and 3 was a minimum of 12 months. Hall's claim that the court imposed a "*de facto*" deadly weapon used enhancement is without any basis in the record whatsoever.

Although the court did, in fact, sentence Hall to a state prison sentence, that sentence was based upon a consideration of all of the relevant factors and consistent with the

purposes of sentencing.

Next, there was no support in the record for Hall's claim that the court improperly relied upon the negligent action of [defense counsel] which required the appearance of the victims at more than one proceeding.

The court did consider Hall's history which included certain "breaks" which the court had given to him with the hope that he would have used the breaks as an opportunity to become a law abiding citizen, instead of continuing his criminal behaviors. Considering Hall's history was not improper. To the contrary, it was required and imperative.

Lastly, the court did not impose a manifestly excessive sentence. The record clearly shows that the court took several factors into consideration when formulating the sentence. The court considered the pre-sentence report, Hall's allocution, arguments of counsel and the other sentencing factors and imposed an individualized sentence consistent with the protection of the public, the gravity of the offense to the extent it impacted the victims and Hall's rehabilitative needs. As noted above, the specifics with respect to such are thoroughly set forth in the court's Opinion and Order filed on November 19, 2018.

DATE: __4-3-19__

By The Court,

_____
Marc F. Lovecchio, Judge

cc: Nicole Ippolito, Esquire (ADA)
    Nicole Spring, Esquire (PD)

Work file
Gary Weber, Esquire (Lycoming Reporter)
Superior Court (original & 1)